**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

STEPHEN M. MARTENS,

    Petitioner,

v.                                                                    CASE NO: 8:08-cv-248-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the petition, the Response (Dkt. #11), and the Reply (Dkt. #14). Upon review, the Court determines that the petition must be dismissed because Petitioner's claims are time-barred.

## BACKGROUND

On March 24, 1980, Petitioner, having pled guilty to robbery and first-degree murder, was sentenced to concurrent life sentences with minimum mandatory sentences of twenty-five (25) years. Fla. 6th Cir. Case Nos. CRC79-01590CFASO and CRC79-01590CFASO, (Resp't Ex. 4). Petitioner's initial post-conviction motion for relief and appeals were unsuccessful. On March 30, 2001, Petitioner pursued a second motion for relief which was denied, and that decision was affirmed by the state court of appeals on October 31, 2001. On

March 26, 2006, Petitioner filed a motion to vacate his sentence, arguing that it exceeded the limit required by law, which was denied by the postconviction court. This ruling, however, was reversed in part and on March 19, 2007, the mandatory minimum sentence was stricken. (Id. At Ex. 12). The remainder of the sentence was affirmed. Martens v. Florida, 803 So. 2d, 938 (Fla 2d DCA 2007).

## DISCUSSION

The filing of petitions for writs of habeas corpus are strictly limited by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 to a twelve (12) month period which begins when the conviction becomes final. 28 U.S.C. 2244(d)(1). As a conviction which became final prior to the passage of AEDPA, Petitioner's period of limitation began to run at the passage of the Act, on April 24, 1996. Charest v. King, 155 Fed. Appx. 494, 495 (11th Cir. 2005). Petitioner claims that this action is not time-barred because he believes that the period of limitation began to run upon his March 19, 2007 resentencing. This is incorrect.

The Eleventh Circuit does not expect a petitioner to bring claims before they arise, so new claims stemming out of a resentencing have a new period of limitation and may, to a limited extent, resuscitate claims from the original conviction. Walker v. Crosby, 341 F.3d 1240, 1246 (11th Cir. 2003). However, the Eleventh Circuit has explicitly refrained from allowing petitions containing only claims regarding the original conviction to take advantage of a new period of limitations that begins with the resentencing. Boone v. Sec'y, Dep't of Corr., 371 F.3d 1317 (11th Cir. 2004).

Petitioner raises two grounds in his petition: (1) absent counsel's affirmative misadvice, he would not have pled guilty and (2) the state's breach of his plea-bargain entitles him to withdraw his guilty plea. Neither of these claims have anything to do with the state court removing a mandatory minimum from one of Petitioner's sentences. With this in mind, the period of limitations at to issues concerning his original conviction began, at the latest, on April 24, 1996, the date of the adoption of the AEDPA, and ended on April 24, 1997.

Petitioner's action is barred by the period of limitations found in the AEDPA, codified in 28 U.S.C. 2244(d)(1).

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED.

2. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on June 2, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2008\08-cv-248.deny 2254.wpd*