**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

STEPHEN MARTENS,

    Petitioner,

v.                                                  CASE NO: 8:08-cv-248-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondent(s).
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this motion for a new trial (Dkt. #19) which this Court re-characterizes as a motion for reconsideration of this Court's order of June 2, 2009 (Dkt. #18). The Court grants the motion for reconsideration (Dkt. #19) and, upon reconsideration, will treat the petition as timely, but determines that Petitioner's claims are without merit.

## BACKGROUND

On March 1, 1979, a state grand jury indicted Stephen Martens for murder in the first degree. Fla. 6th Cir. Case Nos. CRC79-01590CFASO and CRC79-01590CFASO, (Resp't Ex. 1). On October 26, 1979, Petitioner was charged by information with robbery. (*Id.* at Ex. 2). The charges were consolidated and on November 26, 1979, Petitioner pled guilty to both charges. (*Id.* at Ex. 3). On March 24, 1980, Petitioner was sentenced on each count to life in prison with a mandatory minimum twenty-five-years to run concurrently. (*Id.* at Ex.

4). Petitioner subsequently filed several motions for post-conviction relief, all of which were unsuccessful until February 16, 2007, when an appellate court addressed a state post-conviction court's denial of Petitioner's motion to vacate a sentence that exceeds the limit provided by law. (*Id.* at Ex. 5-11). The appellate court found that the section under which Petitioner's robbery sentenced was imposed did not authorize a mandatory minimum sentence and affirmed in part and reversed in part with instructions that the twenty-five-year mandatory minimum sentence for the robbery conviction be stricken. (*Id.* at Ex. 11). On March 20, 2007, the post-conviction court directed the clerk to strike the twenty-five-year mandatory minimum sentence from Petitioner's judgment and sentence for the robbery conviction only. (*Id.* at Ex. 12).

Meanwhile, Petitioner filed a Petition for Writ of Habeas Corpus in the state post-conviction court. (*Id.* at Ex. 13). The court dismissed that petition. (*Id.* at Ex. 14).

On January 30, 2008, Petitioner filed the instant motion seeking relief pursuant to 28 U.S.C. § 2254 (Dkt. #1). In his motion, Petitioner asserts the following claims for relief:

> **Ground One**: But for counsel's affirmative misadvice defendant would not have pled guilty. Defendant entered [his] guilty plea in good faith upon counsel's advice that correctional officers would not commit felonies on him. Using a weapon and DOC machinery (disciplinary confinement and loss of gain-time) officers confederated to and committed felonies on defendant on January 12, 2006[1]. Trial would result in acquittal based on no evidence of guilt.

---

[1] The felony Petitioner complains of arose out of a search of the cell that housed Petitioner. While conducting the search, correctional officers "found a homemade weapon under inmate Martens' mattress." (CV Dkt. #14). Petitioner claims that the weapon was planted there by the correctional officers.

**Ground Two**: [The] State's breach of plea-bargain entitles defendant to withdraw [his] guilty plea. Defendant entered [his] guilty plea in good faith upon state's promise that correctional officers would not commit felonies on him. On January 12, 2006, the state violated the terms of the plea agreement by using a weapon and DOS machinery (disciplinary confinement and loss of gain-time) to confederate to commit and commit felonies on him. Trial would result in acquittal based on no evidence of guilt.

(*Id.*).

## TIMELINESS

In response to the petition, Respondent asserts that "the petition should be dismissed as time-barred [or a]lternatively, the claims should be dismissed for facial insufficiency." (CV Dkt. #11). On June 2, 2009, this Court held that because Petitioner's claims dealt only with the original conviction, case law mandated that his action be barred by the period of limitations found in the AEDPA, codified in 28 U.S.C. 2244(d)(1). (CV Dkt. #18). Petitioner subsequently filed a motion for a new trial alleging that "the order dismissing the petition as time-barred overlooked or misapprehended the binding law[2] of the case that overruled that particular time-bar related to resentencing." (CV Dkt. #19). This Court treats that motion as a motion for reconsideration and grants it[3]. Upon reconsideration, this Court concludes that Petitioner's claims are not time-barred.

---

[2] Petitioner cites to *Ferreira v. Secretary, Department of Corrections*, 494 F.3d 1286 (11th Cir. 2007).

[3] Rule 59(e), Fed.R.Civ.P., gives the court broad discretion to reconsider an order which it has entered. *See generally Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996). "The three grounds that justify granting a motion to alter or amend an order are: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." *Moton v. Cowart*, 2007 WL 2288152(M.D. Fla.)(citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999)). Petitioner appears to be eligible for relief under ground (3).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ... the date on which the *judgment became final* by the conclusion of direct review or the expiration of the time for seeking such review ...." 28 U.S.C. § 2244(d)(1)(A) (emphasis added).

A "judgment is based on both the conviction and the sentence" and therefore "AEDPA's statute of limitations [does not begin] to run [until] the date both the conviction *and the sentence the petitioner is serving at the time he files his application* become final." *Ferreira v. Secretary, Department of Corrections*, 494 F.3d 1286, 1293 (11th Cir. 2007)(emphasis added). Thus, if a petitioner is resentenced, then his AEDPA statute of limitations would restart on the date that the opportunity for direct review of the new or amended judgment resentencing him expires.

The resolution of this issue determines whether Petitioner's statute of limitations expired on April 23, 1997[4], one year after AEDPA was enacted, or, on June 18, 2008[5], one

---

[4] AEDPA was enacted on April 24, 1996. When a petitioner's conviction, and thus judgment, becomes final prior to the AEDPA's effective date, but the petition is filed after the statute's enactment, the petitioner is afforded a one-year grace period (until April 23, 1997) to file his or her federal claims. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).

[5] The order reversing Petitioner's sentence in part was entered on March 20, 2007 and Petitioner had 90 days to appeal. If AEDPA's one year statute of limitations applies, it does not begin to run until June 19, 2007, when the time for review expired and the judgment became final.

year after the mandatory minimum language was stricken from the robbery sentence.

In the instant case, there was no resentencing because the defendant is still detained under the original judgment and sentence[6]. The court simply struck the twenty-five-year mandatory minimum term on one charge and left the sentence for the murder charge intact. In fact, since twenty-five years from the date of the sentence (March 24, 1980) ran in 2005, the minimum mandatory provision for the robbery charge had already expired when it was stricken on March 20, 2007, and Petitioner was no longer in custody under that provision.

Striking a phrase from a sentence may not technically constitute the entry of an amended judgment (as opposed to an amendment to a judgment) or a re-sentencing. But such a fine distinction should not control a Petitioner's rights. To do so would balance his right to review on the fulcrum of legal semantics. The wording of the post-conviction court, even if inadvertent, would control a petitioner's right to a new AEDPA period. To avoid this result, this Court will treat an amendment to a judgment the same as the entry of an amended judgment.

Accordingly, Petitioner's statute of limitations ran for one year beginning on June 19, 2007,[7] and his petition to this Court, filed on February 4, 2008, is timely. The Court now turns to the merits of Petitioner's § 2254 claims.

---

[6] The criminal docket displays only one judgment and one sentence, both entered on March 24, 1980. (Ex. 3). Thereafter, Petitioner filed a motion to vacate sentence that exceeds the limits provided by law and the appellate court reversed in part and remanded with directions to strike a portion of the sentence but no new judgment or sentence was entered. (Ex. 11).

[7] The date that his opportunity to obtain direct review of his stricken sentence expired. *See* FN #6.

# DISCUSSION

## Ground One

Title 28 United States Code, Section 2254(d) states:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

Petitioner's first contention is that

> but for counsel's affirmative misadvice defendant would not have pled guilty.... Defendant entered [his] guilty plea in good faith upon counsel's advice that correctional officers would not commit felonies on him. Using a weapon and DOC machinery (disciplinary confinement and loss of gain-time) officers confederated to and committed felonies on defendant on January 12, 2006. Trial would result in acquittal based on no evidence of guilt.

(CV Dkt. #1).

Petitioner raised this same issue as one of his claims in his Petition for Writ of Habeas Corpus to the state post-conviction court. (Ex. 13). That court denied the claim stating:

> acts occurring in Defendant's prison cell have no bearing on the effectiveness of his counsel's advice given at the time of the plea more than twenty-five years earlier. Similarly, those acts have no effect on the voluntariness of a plea entered more than twenty-five year earlier.

(Ex. 14). Thus, the state post-conviction court determined that Petitioner's counsel's inability to predict the future and thus warn defendant prior to entering a guilty plea in 1979

that the Department of Corrections would allegedly plant a knife under his mattress - - the felony Petitioner alleges - - over twenty-five-years later did not affect the voluntariness of the plea. This Court agrees and concludes that the state court did not unreasonably apply federal law.

### Ground Two

Petitioner's second contention is that:

> [the] State's breach of [the] plea-bargain entitles defendant to withdraw [his] guilty plea. Defendant entered [his] guilty plea in good faith upon [the] state's promise that correctional officers would not commit felonies on him. On January 12, 2006, the state violated the terms of the plea agreement by using a weapon and DOS machinery (disciplinary confinement and loss of gain-time) to confederate to commit and commit felonies on him. Trial would result in acquittal based on no evidence of guilt.

(CV Dkt. #1).

Without saying who made the alleged promise or when, Petitioner asserts that the State promised that correctional officers would not commit felonies against him. Then, he claims that promise was breached when correctional officers planted a knife under his mattress.

To begin, even if the Petitioner's allegation that correctional officers planted a knife in his cell were true, such action does not constitute a felony, or even a crime. So, taking Petitioner's claim as true, there was no breach and ground two fails.

Petitioner is complaining about disciplinary confinement and loss of gain time resulting from the alleged planting of evidence. The use of disciplinary confinement and loss of gain time is within the discretion of the Department of Corrections. Fla. Admin. Code

Ann. r. 33-601.301(1). A prisoner's remedy for inappropriate discipline is to file a grievance. If someone, including officers, testifies falsely under oath - that may be a crime. But Petitioner has not asserted that there was false testimony, or even any grievance filed.

Federal law mandates that administrative procedures be exhausted prior to filing a petition for writ of habeas corpus with this Court. Title 42 United States Code, Section 1997e(1) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Therefore, as the state post-conviction court asserted in its order denying Petitioner's first petition, Petitioner's remedy is to file an administrative complaint with the DOC so that they may first address the allegation of wrongdoing. *Porter v. Nussle*, 534 U.S. 516 (2002)(holding that the Prison Litigation Reform Act's exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences).

However, the issue of exhaustion is an affirmative defense to be raised by the respondent which they have yet to raise and so will not be raised by this Court at this time. *Jones v. Bock*, 549 U.S. 199 (2007)(concluding that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints).

But because Petitioner is factually incorrect that a breach of a promise has occurred, this ground will be denied.

## CONCLUSION

The petition is not time-barred. Nonetheless, this Court concludes that the Petitioner's claims are without merit and therefore do not warrant relief.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on July 10, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2008\08-cv-248.reconsider 18.wpd*