# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STEPHEN MARTENS,

     Petitioner,

-vs-                                    Case No.  8:08-CV-248-T-30MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____/

## ORDER

      This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 23) of the July 10, 2009 decision denying Petitioner's petition for relief under 28 U.S.C. § 2254. The Court construes the Notice of Appeal as a motion for issuance of a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253[2] (Dkt. 24).  Petitioner did not pay the appellate filing fee and costs or seek leave to proceed on appeal *in forma pauperis*.

---

[1]"Certificate of Appealability.  (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2]"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

The Court denied Petitioner's petition on the merits (Dkt. 20). While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), under the controlling standard, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Petitioner has failed to make this threshold showing. *See Slack*, 529 U.S. at 485.

ACCORDINGLY, the Court **ORDERS** that Petitioner's construed motion for issuance of a certificate of appealability (Dkt. 24) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 11, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to:
Petitioner *pro se*
Counsel of Record

2