# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STEPHEN M. MARTENS,

    Petitioner,

-vs-                                        Case No. 8:08-CV-248-T-30MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

This matter comes before the Court for consideration of Petitioner's "Amended Notice of Appeal" (Dkt. 28) of the July 28, 2009 decision denying Petitioner's motion for a new trial filed pursuant to Fed. R. Civ. P. Rule 59(e) (hereinafter "Rule 59(e) motion") (See Dkt. 25), and Application for Certificate of Appealability (Dkt. 29).

The Court addressed Petitioner's claims in his § 2254 petition on the merits (See Dkt. 20). The Court denied Petitioner's Rule 59(e) motion because the Petitioner's argument that the Court failed to address his claim that the record established that he was not competent to enter a guilty plea was without merit since he did not raise the claim in his § 2254 petition, and because the record did not establish that he was incompetent when he entered his plea (See Dkt. 25).

Petitioner now appears to argue that the Court overlooked that he raised his claim that he was not competent to enter a guilty plea in his reply to the Respondent's response (See Dkt. 14). This argument, however, does not change the fact that the record does not support his claim that he was not competent to enter a guilty plea. Moreover, the Court will not consider any new claims raised in the reply that Petitioner did not raise in the petition, and to which the Respondent did not have an opportunity to respond. The Eleventh Circuit Court of Appeals stated in *Herring v. Secretary, Dept. of Corrections*, 397 F.3d 1338 (11th Cir. 2005):

> arguments raised for the first time in a reply brief are not properly before a reviewing court. *United States v. Coy*, 19 F.3d 629, 632 n. 7 (11th Cir.1994) (citation omitted); *see also United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir.2002) (Court need not address issue raised for first time in reply brief), *cert. denied*, 539 U.S. 951, 123 S. Ct. 2628, 156 L. Ed. 2d 643 (2003); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir.1999) (issue raised for first time in reply brief waived); *United States v. Martinez*, 83 F.3d 371, 377 n. 6 (11th Cir.1996) (declining to consider arguments raised for the first time in a reply brief).

*Id*. at 1342. See also Rules Governing Habeas Corpus Cases Under Section 2254, Rule 2(c)(2008)("The petition must…specify all the grounds for relief available to the petitioner[.]")(emphasis added).

"It is still the law of this circuit that a 'certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding.'" *Jackson v. Crosby*, 437 F.3d 1290, 1294-95 (11th Cir. 2006) (quoting *Gonzalez v. Sec'y, Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004)). "[I]n cases involving denials of Rule 60(b) motions on procedural grounds without reaching

the merits of any constitutional claims…a petitioner will be granted a certificate of appealability 'only if [he] makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling is wrong[.]'" *Jackson*, 437 F.3d at 1294(citations and footnote omitted). "These two 'substantial showings,' both procedural and substantive, mean that it must be 'debatable among reasonable jurists' both that the petitioner was denied a constitutional right, and that the district court's procedural decision was wrong." *Id*. (citation omitted). Petitioner has failed to make these threshold showings. Therefore, the Court finds a certificate of appealability should be denied.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Application for Certificate of Appealability (Dkt. 29) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on September 14, 2009.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to:
Petitioner *pro se*
Counsel of Record